the magistrate erred, in admitting such evidence, in holding valid the release claimed by defendants, and in entering judgment for them.

W. H. HARRIS and A. S. GILES, for plaintiffs.

L. L. BROWN and R. D. SMITH, for defendants.

## GURR v. GURR.

ATKINSON, J.—A writ of *habeas corpus* having been sued out before the ordinary for the custody of a minor child by its father against its mother, the parents at the time living in a state of separation, and the ordinary having awarded the custody of the child to the father, and this judgment having been immediately executed, after which the mother presented to the judge of the superior court a petition for *certiorari* to review all the proceedings in the case had before the ordinary, it was error, after sanctioning the petition for *certiorari*, to add to the sanction an order directing that the sheriff restore the child in dispute to the custody of its mother, the plaintiff in *certiorari*, the judge having no power or authority to grant such order.   *Mayor & Council of Macon* v. *Shaw*, 14 *Ga.* 162; *Lindsey* v. *Lindsey, Ibid.* 657; *Taylor* v. *Gay,* 20 *Ga.* 77; *Board of Commissioners of Burke County* v. *Wimberly,* 55 *Ga.* 570; *Seamans* v. *King,* 79 *Ga.* 613.                    *Judgment reversed.*
February 27, 1895.

*Certiorari.*   Before Judge FISH.   Houston county. May 28, 1894.

LOUIS L. BROWN, for plaintiff in error.

## THE NEWS PUBLISHING COMPANY v. BUTLER.

LUMPKIN, J.—1. The right of either party to a suit to subject to a thorough and sifting cross-examination the witnesses called to testify against him, is distinctly declared in section 3864 of the code. It is a substantial right, the preservation of which is essential to a proper administration of justice, and extends to all matters within the knowledge of the witness, the disclosure of which is material to the controversy.   Hence where, in the progress of a trial, a party who had testified in his own behalf afterwards called a witness to support his testimony, it was error for the presiding judge to deny to his adversary the right to cross-examine such witness