PORCHER *v.* PEARSONS-TAFT LAND CREDIT CO.

1. The motion to dismiss the writ of error is denied.
2. The court erred in refusing to grant the interlocutory injunction as prayed for.

No. 3190. NOVEMBER 17, 1922.

Petition for injunction. Before Judge Summerall. Coffee superior court. March 4, 1922.

Ardelia Porcher borrowed five thousand dollars from Pearsons-Taft Land Credit Co., a corporation, of Chicago, Illinois, and to secure the payment of that sum she executed a security deed to described land in Coffee County, Georgia. On the same day, November 25, 1919, she executed a second security deed to the same grantee, to secure the sum of $793.60, which said sum was payable in installments. Both conveyances were executed in Georgia, and recited that they were made under section 3306 et seq. of the Code of Georgia. Both deeds authorized the grantee, on failure of the borrower to pay any of the sums when due, to sell the land, after notice and publication, to the highest bidder, and also contained the following provision: "The grantee shall have full authority to appoint an agent, by an instrument duly executed, acknowledged, and recorded, to attend and make such sale and do all other acts and things in connection with such sale that the grantee could do." The deed securing $793.60 was, by its terms, made subject to the former deed made to secure the sum of five thousand dollars. On February 8, 1922, Ardelia

Porcher filed a petition in the superior court of Coffee County against Pearsons-Taft Land Credit Co., alleging, in addition to the above-stated facts, that petitioner has paid in full all of the installments due on her note for $793.60 and there is now nothing due thereon secured by the second security deed; that the defendant is now undertaking to exercise the power of sale contained in said deed, and to that end is now advertising its intention to offer the land for sale on February 8, 1922; that there was no consideration for the note secured by the second deed, except for additional interest and commissions taken by the defendant for the use of the loan; that of the sum of $793.60 the sum of $393.60 is usury, being in excess of eight per cent. interest for the use of the money borrowed; that the note secured by the deed is void and without legal consideration; that petitioner is in possession of the land; that the sale would not be legal; that petitioner would not be able to obtain complete and adequate redress by an action at law; and that to allow the sale would necessitate a multiplicity of suits. She prayed for a writ of injunction to prevent the sale, that the note, deed, and power of sale be decreed to be of no force and effect; and for other and further relief, and for process. On this petition a rule nisi was issued on February 7, 1922, requiring the defendant to show cause why injunction should not issue, and restraining the sale of the land. The petition was filed and served on February 8, and the interlocutory hearing was held on March 4, 1922. The evidence showed, without contradiction, that the petition and rule nisi were served on F. W. Dart, as agent of the defendant who negotiated the loan, at the court-house in Coffee County on the morning of February 8, 1922, previously to the proposed sale; that F. W. Dart, at the place of conducting public sales in that county, during the legal hours for such sales, read the advertisement of sale, offered the land for sale to the highest bidder, and cried off the same to named parties as purchasers; and that the sale was made after the service of the rule nisi and while the restraining order was operative. Nothing was due as claimed by the defendant. Other parts of the evidence are stated in the opinion.

*Levi O'Steen,* for plaintiff.

*McDonald & Willingham,* for defendant.

GILBERT, J.    1. On the hearing of the case in this court the

defendants moved to dismiss the writ of error, on the ground that the issue therein was moot. The exception was to the refusal of an interlocutory injunction sought by the plaintiff, to prevent a sale of land at public outcry under a power of sale contained in a security deed. Movants exhibited a deed from the defendant, which held power of sale, to the purchasers at the auction sale of the land, together with proof that the purchase-price had been fully paid. This deed recites that the sale was effected by virtue of the power of sale in the defendant's security deed. Based upon this proof movants insist that the sale sought to be enjoined has been completed. For reasons which will appear in the discussion of the merits of the case the service was legally sufficient. The restraining order was in effect, and the sale conducted at that time, notwithstanding the restraining order, was at the peril of the defendant. The fact that on the hearing some days thereafter the restraining order was dissolved without a supersedeas will not have the effect of legalizing a sale which was at the time illegal. The motion to dismiss the writ of error is denied.

2. It appeared that a restraining order had been served on F. W. Dart, who conducted the sale, which had not been dissolved, and was therefore operative at the time, provided that service on him constituted service on the company. The defendant denied the sufficiency of the service, on the ground that F. W. Dart was served without any proof of agency, and that therefore the court did not acquire jurisdiction of the defendant. On the interlocutory hearing there was oral evidence introduced by the plaintiff tending to show that F. W. Dart, who had negotiated the loan, acted for the defendant company throughout in preparing the papers, although the plaintiff, in one part of her testimony, said that F. W. Dart represented her in negotiating the loan. The defendant is a non-resident corporation. The sale of the land purported to be by authority of the power of sale contained in the security deed. The sale had no other validity except under that power. F. W. Dart was the only person, under the evidence, assuming and exercising any authority to make the sale. He could have derived that authority only from the defendant. If he was a mere volunteer and without that authority, the sale would be without any binding effect. The power of sale was lodged in the defend-

ant with authority to appoint an agent to make the sale by duly executed and recorded instrument. No writing was shown. It would be unthinkable to hold that under the laws of Georgia a foreign corporation could acquire a security deed containing a power of sale and could exercise that power without any authorized agent in this State, so as to prevent service of suit, and thereby deprive the holder of the equity of any opportunity to adjudicate disputed issues as to his rights. There was evidence for the defendant, denying that F. W. Dart was in any sense the agent or representative of the defendant, and also denying that defendant had any agent in the county of Coffee of such character as would authorize the service of suit upon him. There was evidence to the effect that F. W. Dart was requested by a named person in another county in Georgia to conduct the sale; but no authority was shown in that person, either oral or documentary, to empower the sale. As stated above, that power was vested in the defendant company, and it is nowhere shown that they had assigned the same to any person, unless it was in F. W. Dart, who actually exercised the power. Moreover, it should be remembered, in considering whether F. W. Dart was the agent of the defendant company, that the former was in fact exercising the very acts of the company sought to be enjoined. For these reasons we hold that under the evidence a finding was demanded that service on F. W. Dart was service on the company; that the restraining order was operative at the time of the sale; that the sale, which was made at the peril of the defendant, was illegal; and therefore that the court erred in refusing an interlocutory injunction.

*Judgment reversed. All the Justices concur.*