## CAMP *v.* SHUMAN & COMPANY *et al.*

PER CURIAM. The plaintiff sought to enjoin a constable's sale of personal property, advertised for November 18, 1924, on the grounds, (1) that that was not the legal sale day, and (2) that she had tendered an affidavit of illegality setting up payment. The application for injunction was heard on November 18, 1924, and denied. The affidavit of illegality offered by the plaintiff alleges that she had paid $40 in money, and since then she had paid in books the entire consideration of the claim, valued at $60 by plaintiff; that these payments aggregated $100; that the excess was due her; and she pleaded said excess against the plaintiff, and prayed judgment accordingly. *Held:*

1. To reverse the judgment refusing the injunction on the first ground would be futile; the day of the sale sought to be enjoined having long since passed, and the judgment refusing the injunction having been rendered on the day the sale was to have taken place. If the sale took place on the day on which the sale was advertised to take place, it is now too late to prevent such sale. If the sale did not take place, the presumption is that the levying officer will advertise the sale upon a lawful sale day the next time. For this reason we do not reverse the judgment on this ground.

2. The court did not err in refusing an injunction on the ground that the plaintiff had tendered an affidavit of illegality, because under the undisputed evidence it appears that the payments claimed by the plaintiff were made prior to the judgment and by a sale of certain property under the execution, the proceeds of which had been applied to the payment of the costs due on the execution.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 4687. FEBRUARY 22, 1926.

Petition for injunction. Before Judge Wright. Floyd superior court. November 18, 1924.

*Henry Walker,* for plaintiff.

*Willingham, Wright & Covington,* for defendants.

---

Appeal and Error 4 C. J. p. 1135, n. 28.

Executions 23 C. J. p. 557, n. 53.

RUSSELL, C. J., dissenting. It appearing that the property levied upon, the sale of which was sought to be enjoined, was advertised to be sold upon a day other than the regular sales day, and that the plaintiff in fi. fa. was a non-resident upon whom service could not be perfected should the defendant in fi. fa. seek redress for the unlawful sale of her property, the court erred in refusing an injunction, and in not staying the sale until the issue as to the payment of the alleged indebtedness and the defendant's in fi. fa. claim based upon overpayment was determined. This would be true although it may devolve upon the plaintiff in error (if there be grounds therefor) to move to set aside the judgment obtained against her in the justice's court.

It is undisputed that the property levied upon was advertised to be sold upon a day other than the regular sales day fixed for the justice's court sales. To prevent the illegal sale of her property at a time not authorized by law, and its consequent depreciation, and upon this ground of itself, I am of the opinion that the sale should have been stayed, and that it was error to refuse an interlocutory injunction until the issue of payment raised by the affidavit of illegality could be determined. Furthermore, it appears without contradiction that the plaintiff in fi. fa. is a non-resident in this State, upon whom service could not be perfected should the defendant in fi. fa., the affiant in the affidavit of illegality, seek redress for loss imposed upon her by the illegal sale. Neither of the defendants filed any answer to the petition for injunction. There was therefore no pleading before the court, except the sworn petition of the plaintiff, in support of which evidence for the defendant could be introduced. The testimony for the defendants (from which my honorable colleagues infer that the payments in this case were made before the judgment) should not be considered. That the day advertised for the sale was not the lawful sales day, and that defendant Shuman was non-resident of this State, is not denied even in the testimony unwarrantedly introduced in behalf of the defendants. Granting that the affidavit of illegality should have been more specific as to when, how, and to whom the $40 in cash and the books were paid, there was no demurrer or motion to strike the affidavit of illegality before the court. And though it is well settled that payments anterior to a judgment will not afford a basis of an affidavit of il-

legality, while payments subsequent to the rendition of the judgment may be pleaded by affidavit of illegality (and as every one is presumed to know the law), it seems to me that, if inferences are to be indulged, the presumption that the payments were made subsequently to the date of the fi. fa. is far better supported by the facts of this record than the presumption that the payments were made before judgment, which is the basis of the ruling of my brethren.

Nor can I concur in the opinion that the judgment of the lower court should be affirmed upon the ground that it would be futile to reverse the judgment refusing the injunction because November 18, 1924, was not a legal sales day. The majority is of the opinion that because the day fixed for the sale has long since passed the question is moot. I can not concur in this judgment, because if this court had held that the injunction should have been granted and the property levied upon has not been sold, it is certain that another sale would not be attempted on other than the legal sale day unless it was by a short order or some similar proceeding, which was not attempted in the present instance so far as appears from the record. On the other hand, if the property was sold on November 18, 1924, and this court held what I believe to be the law, that a legal sale can not be held under a justice's court fi. fa. (in the absence of something in the nature of a "short order") on any other day except the day fixed by law for such sales, then the plaintiff would at least be entitled to a remedy in damages for such an amount as she may have lost by the sale of her property in violation of law. To affirm the judgment is to foreclose any recovery by the plaintiff, no matter how much she has been damaged. In my opinion a question is never moot as long as any right involved in the action in which the question is involved is justifiable. *Porcher* v. *Pearsons-Taft Land Co.*, 154 *Ga.* 483 (114 S. E. 634).