### 19246. HUTCHINS v. HOWARD et al.

MOBLEY, Justice. In the petition in this case it is alleged that, on March 31, 1955, the defendants had been temporarily restrained from performing certain acts, including the filing of certain tax assessments with the State Department of Revenue; that, on May 14, 1955, the temporary restraining order was vacated and an interlocutory injunction denied; that on June 11, 1955, the trial court certified a bill of exceptions from the judgment of May 14, and issued an order of supersedeas; "that, on the 15th day of August, 1955, said tax commissioner with the knowledge, approval, consent, and assistance of all other defendants herein, filed said tax digest with the commissioner of revenue." A motion to dismiss this citation for contempt was sustained in the trial court, and this judgment is assigned as error. *Held:*

In *Hutchins* v. *Howard*, 211 *Ga.* 830 (6) (89 S. E. 2d 183), this court held as follows: "A motion has been made by the defendants in error to dismiss the bill of exceptions in this case, on the ground that the questions presented thereby have become moot. The motion alleges that the tax assessments complained of have been completed by the defendant tax assessors; that the tax digest has been compiled and forwarded to the State Revenue Commissioner; and that it has been approved by him and returned to the defendant Nash, as Tax Commissioner of DeKalb

County. There is no merit in the motion to dismiss, and it is therefore denied. All of the action taken by the defendants was subsequent to and in violation of the supersedeas which was granted by the trial judge when the bill of exceptions was certified by him, and such prohibited action does not have the effect of rendering moot the questions brought here for review. The action taken by the defendants was not only prohibited by the supersedeas granted by the trial judge, but was in open defiance of it and therefore a nullity. *West* v. *Shackelford,* 138 *Ga.* 163 (1) (74 S. E. 1079); *Prater* v. *Barge,* 139 *Ga.* 801 (1) (78 S. E. 119); *Porcher* v. *Persons-Taft Land Credit Co.,* 154 *Ga.* 483 (1) (114 S. E. 634). Compare *Bond* v. *Long,* 133 *Ga.* 639 (66 S. E. 778)."

Whether or not the above ruling is correct, it is the law of this case, and the allegations of the instant petition are sufficient to state a cause of action for contempt of court.

The cases cited by the defendants (*Mayor &c. of Macon* v. *Shaw,* 14 *Ga.* 162; *Board of Commrs. of Burke County* v. *Wimberly,* 55 *Ga.* 570; *Taylor* v. *Gay,* 20 *Ga.* 77; *Felker* v. *Johnson,* 189 *Ga.* 797, 7 S. E. 2d 668), do not sustain their contention that their acts in this case were not violative of the order of supersedeas. In those cases the general rule was applied that an order of supersedeas does not operate retroactively to undo what has previously been done prior to the time the order is issued. No such circumstances appear in this case. The acts of the defendants in this case were done after the supersedeas was granted.

The ruling here made deals solely with whether the petition states a cause of action for contempt of court, and not with the question of the exercise of discretion by the trial court in punishing for contempt of court.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*

ARGUED FEBRUARY 14, 1956—DECIDED MARCH 13, 1956.

*H. H. Hutchins, John L. Respess, Jr., James R. Venable, Margaret Hopkins, Al Jennings,* for plaintiff in error.

*George P. Dillard, W. Dan Greer,* contra.