## 39948.   GAZAWAY v. ISRAEL.

DECIDED FEBRUARY 25, 1963.

*George Mitchell, Dan C. Mitchell,* for plaintiff in error.

*Jack K. Bohler,* contra.

FELTON, Chief Judge. J. H. Israel sued Bud H. Gazaway for $560 on an alleged note, a copy of which was attached to the petition as follows: "State of Georgia, Fulton County. The undersigned has on this *Sept. 14, 1960,* acknowledged receipt of *I promis* [sic] *J. H. Israel $560.00,* hereinafter called Seller,—Type of Body—*Five Hundred Sixty dollars*—on which there is still due and owing by the undersigned *$560.00,* payable in *one installment of $560.00* each, followed by.............. installments of *$560.00,* commencing on *March 14, 1961,* one being due on the same day of each successive month thereafter until all are paid. Title to said automobile is and remains in Seller or assignee according to tenor of an agreement executed

contemporaneously herewith until said price is paid. (Signed) *Bud H. Gazaway, 3934 Baring Rd., Decatur."* There was no demurrer to the petition. The defendant denied indebtedness in his answer and pleaded that the alleged note was not intended to be an obligation to pay the plaintiff any sum of money and that the defendant prepared the document for the plaintiff by way of instruction as to how to fill out a contract in his duties as salesman for Westbrook Motors. There was no contention on the part of the defendant that there was any usury in connection with signing of the note or that the alleged note on its face did not contain an obligation by the defendant to pay $560 to the plaintiff. See *Code* §§ 57-103, 81-901. The jury found for the plaintiff $560, and the defendant excepts to the overruling of a motion for new trial as amended.

■ The purported amended grounds of the motion for a new trial are no more than arguments covering the general grounds and present nothing in themselves for consideration. ·

■ If there can be said to be any ambiguity in the contract sued on, the evidence, although in conflict, authorized the jury to find that the instrument sued on was intended as an obligation by the defendant to pay the plaintiff the sum of $500 principal and $60 interest. The evidence was also in conflict as to whether there was any consideration for the note or obligation, but the evidence amply authorized the jury to find that the plaintiff loaned the defendant $500 and that the money loaned, plus $60 interest, constituted the consideration for the note. Since the verdict rendered by the jury was authorized by the evidence, this court is without power to interfere with the finding of the jury. We do not deem citation of authority necessary for this proposition.

The court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*