40036.   RAHAL et al. v. TITUS.

DECIDED MAY 27, 1963.

*John J. Sullivan, W. Ward Newton,* for plaintiffs in error.
*Kennedy & Sognier, John G. Kennedy, Jr.,* contra.

FELTON, Chief Judge. 1. Whether or not the court erred in its order granting the plaintiff's motion for final judgment depends upon whether or not the defensive pleadings raised any issuable defenses, therefore we shall examine each of these pleadings for this purpose.

There was no error in dismissing the plea in abatement (seeking to postpone any determination of the issue in the attachment proceeding until the pending claims to the property levied on were disposed of), for the reason that when the defendant in attachment replevied the property levied on by the giving of bond the levy was dissolved. *Watters v. Southern Fixture &c. Co.,* 13 Ga. App. 468 (79 SE 360); *Alvaton Mercantile Co. v. Caldwell,* 156 Ga. 317 (1) (119 SE 25). The property is then

released and the attachment suit proceeds as a common-law suit, with the bond standing as security rather than the property. Consequently, the plaintiff in attachment was no longer concerned with the issue made by the claims to the property, and they could have no bearing whatever upon the attachment proceeding or its disposition. *Code* §§ 8-801, 8-802 make provision for the proceedings on the claim when there has been no replevy of the property; indeed, by *Code* § 8-803 the claimant can replevy the property if the defendant in attachment hasn't done so, but, of course, if he has, then the claimant must proceed against the defendant in attachment to assert his claim. The claim is, after all, merely the assertion of some right in the claimant *to the property*, and if the property is released from the attachment, hence no longer subject to the levy, insofar as the attachment proceeding is concerned it has become functus officio.

Examination of the record discloses that the replevy bond was posted January 27, 1961, approved by the sheriff and the property released on that date. That took the property levied on out of the attachment proceeding. From that date there was nothing to constitute the subject matter of the claims filed on February 14 and 16, 1961. Their remedy for any such claims was in trover against defendant Rahal, not by way of claims in the attachment proceeding. The court should have dismissed, on its own motion, the claims.

2. There was also no error in the dismissal of the plea in abatement attacking the validity of the bond on the grounds that (a) it was so conditioned that the plaintiff, DeWitt Titus, pay all damages, rather than that the defendant, Edmund Rahal, pay them, and (b) it was filed with the Clerk of Chatham Superior Court instead of with the clerk of the city court.

These grounds are without merit. The bond was prepared by the defendant in attachment and any ineptness in its wording resulted from his own authorship. One cannot take advantage of his own wrong.

The bond was delivered by the defendant in attachment to the sheriff, who thereupon released the property levied on back to him and it was the sheriff who mistakenly delivered the bond

to the wrong court. No harm did or could result from that, however, for the bond is not lost. It is now among the court records in the city court, as is evidenced by the fact that the clerk of the city court has included and sent up to this court a copy of it along with other papers specified as a part of the record. The inadvertent or erroneous filing of the bond with the clerk of the superior court did not affect its validity nor release the principal and sureties from the liability thereunder which they assumed upon its execution.

3. The plea of failure of consideration alleged that the consideration for the notes was the forbearance on the part of the plaintiff in pressing unnamed alleged claims, and that the plaintiff had not forborne as agreed. This was no more than an enlargement of the plea of the general issue. "Forbearance, to constitute legal consideration, must be such as will tie the creditor's hands for a definite time established between the parties. In the case at bar there was no definite time of delay agreed upon by the parties, such as would constitute a valid consideration." *Ballentine Motors of Ga. v. Nimmons*, 93 Ga. App. 708, 709 (92 SE2d 714).

Consequently, all that is alleged in the plea is that the notes sued on were without consideration. "A mere allegation that a note is wholly without consideration, and therefore null and void and unenforceable, amounts to nothing more than a plea of general issue." *Dixon v. Bond*, 18 Ga. App. 45 (2) (88 SE 825). Thus, this plea was properly dismissed.

4. The plea and answer was likewise merely a plea of the general issue. The defendant says that he "can neither admit nor deny" paragraph 1 of the declaration, in which it is alleged that the defendant is indebted on a promissory note (copy attached as Exhibit "A") in a stated sum and then demands "strict proof" of the amount of interest charged. The same is true as to paragraph 2 of the answer, dealing with the other note sued on.

As to paragraph 3 of the declaration, that "defendant has not paid said notes or any part thereof," the defendant again says that he can "neither admit nor deny for want of sufficient information." The remainder of the declaration is admitted.

"A mere statement in an answer to a paragraph of a petition, that the defendant 'neither admits nor denies' such paragraph, without giving the reason for failing so to do, is no answer, and must be treated as an admission." *Southern Bell Tel. Co. v. Shamos,* 12 Ga. App. 463 (3) (77 SE 312); *Pollard v. Walton,* 55 Ga. App. 353, 358 (190 SE 396).

As to the matter of interest, since a copy of the note is attached, and thus a part of the declaration, it is a matter of calculation as to what interest is due, and if the plaintiff seeks to recover more than is due, that is a matter that the defendant can easily assert in a plea or answer. See *Gazaway v. Israel,* 107 Ga. App. 389, 390 (130 SE2d 269); *Code* §§ 57-103, 81-901. If he does not do so, the allegation stands admitted, and standing admitted no amount of demanding "strict proof" can amount to anything, for there is nothing to prove.

As to whether the defendant has paid the notes or any part thereof, this is a matter that is as much within his knowledge as it is of the plaintiff, and if he asserts that there has been any payment it is a matter that must be specially pled. *Code* § 81-307. This extends not only to the defendant in attachment, but to the sureties on his bond—his codefendants, who, by their signing of the replevy bond, have become co-obligors on the principal's obligation. *Rawleigh Co. v. Royal,* 30 Ga. App. 706 (7) (119 SE 339). There was no error in striking the answer.

5. The plea of bankruptcy was valid. It appears that the adjudication of the defendant in attachment as a bankrupt occurred more than four months after the levy of the attachment, in which situation the plaintiff was entitled to proceed to judgment against both the defendant in attachment and the sureties on his replevy bond, but with a perpetual stay of execution as to the defendant himself. *Alvaton Mercantile Co. v. Caldwell,* 156 Ga. 317, 319, supra.

Since there was no issuable defense filed and the striking of the answer and the plea of failure of consideration were proper, the case was in default, except as to the plea of bankruptcy. The court did not err in its judgment granting the plaintiff's motion for final judgment except that provision for a perpetual stay of execution as to defendant Rahal should have been made therein.

849

*Judgment affirmed with direction that the trial court amend its judgment so as to grant to Rahal a perpetual stay. Eberhardt and Russell, JJ., concur.*