## A91A1592. BANK SOUTH, N.A. v. ROSWELL JEEP EAGLE, INC.

(408 SE2d 503)

BEASLEY, Judge.

A jury returned a verdict in favor of appellee-plaintiff, Roswell Jeep Eagle, Inc., against appellant-defendant, Bank South, in the amount of $187,681.47 and judgment was entered accordingly on May 7, 1991. On May 20, Roswell Jeep began obtaining writs of fieri facias and entry thereof on the general execution dockets of courts in numerous counties throughout the State, although no levies of execution were undertaken.

On June 6, Bank South filed a notice of appeal, as well as a motion to allow the bank to post a cash supersedeas bond in the amount of $206,449.62, being 110 percent of the amount of the judgment, and for this bond to supersede and void the entry of the judgment and writs on the general execution dockets.

The trial court ruled that under OCGA § 5-6-46 the notice of appeal deprived it of jurisdiction to order the posting of a supersedeas bond; that under OCGA § 9-11-62 (a) no execution could issue upon the judgment, nor could proceedings be taken for its enforcement, until the expiration of ten days after its entry; the filing of the notice of appeal beyond the ten-day grace period could not act as a retroactive supersedeas so as to "clean the slate or undo what has happened subsequent to expiration of the first ten days after entry of judgment" but before the filing of the notice of appeal. We granted an expedited appeal of the trial court's denial of the bank's motion.

1. The court erred in concluding that it lacked jurisdiction to allow and set a supersedeas bond. OCGA § 5-6-46 (a) gives it the authority to do so and even compels it to do so when it is the appellee who requests it. The court relied for its ruling on *Turner v. Harper*, 233 Ga. 483 (211 SE2d 742) (1975), but that case as well as others such as *Brown v. Wilson Chevrolet-Olds*, 150 Ga. App. 525, 531 (2) (258 SE2d 139) (1979), recite the rule that "supersedeas deprives the trial court of jurisdiction to modify or alter the *judgment* in the case pending the appeal." (Emphasis supplied.) Bank South was not seeking change in the judgment (it was already pursuing an appeal as to it) but rather sought supersedeas relief, a subject concerning which the trial court had not lost jurisdiction.

2. OCGA § 5-6-46 (a) provides that the *appellee* shall be entitled to the posting of a supersedeas bond upon its motion. As alluded in the statute, the purpose is for its judgment to be protected from non-satisfaction in the event appellant has insufficient assets to satisfy the judgment when the judgment is affirmed on appeal. See also, e.g., *Stokes v. Stokes*, 126 Ga. 804 (2) (55 SE 1023) (1906): "to preserve the rights of the parties." The statute is silent as to whether the ap-

pellant can initiate the posting of bond, but no impediment appears which would legally prevent it from doing so if it wishes. Thus the court was authorized to set an amount which would satisfy the judgment and other items to which appellee would be entitled if and when the judgment became affirmed.

3. However, the court was correct in concluding that it could not remove the judgments from the general execution dockets as Bank South requested.

A notice of appeal must be filed within 30 days of entry of the judgment, although the 30-day period is tolled by the filing of a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict. OCGA § 5-6-38.

In civil cases, other than those involving injunctive relief, the notice of appeal serves as an automatic supersedeas upon appellant's payment of all costs in the trial court, although on motion by appellee, the trial court "shall" require that a supersedeas bond be given in such amount as the court may require, conditioned for the satisfaction of the judgment in full, together with other damages which may be awarded to the appellee. OCGA § 5-6-46 (a); *Hubbard v. Farmers Bank*, 153 Ga. App. 497, 498 (265 SE2d 845) (1980).

OCGA § 9-11-62 (a) provides, in pertinent part, that, "[n]o execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry. . . ." The ten-day grace period is also found in OCGA § 9-11-62 (a)'s federal counterpart, Federal Rule of Civil Procedure 62 (a), 28 USCA. "The purpose of OCGA § 9-11-62 (a) is to permit 'the party against whom judgment has been entered to determine what course of action he wishes to follow. If he desires to attack the judgment in the trial court, by a motion for a new trial or a similar post-trial motion, he can make his motion and (the issue of supersedeas is resolved as provided in OCGA § 9-11-62 (b)). If he prefers to appeal, he can file a notice of appeal (in which case the issue of supersedeas is resolved as provided in OCGA § 5-6-46).' Wright & Miller, Fed. Practice & Procedure, Civil, § 2902, p. 309 (1973 ed.). Thus, the clear mandate of OCGA § 9-11-62 (a) is to provide the party against whom a judgment has been entered the right to be free from execution *and* from proceedings for enforcement of the judgment for a period of ten days in order to determine his future course of action." *Tate v. Burns*, 172 Ga. App. 688, 689 (324 SE2d 485) (1984).

Under federal law, the filing of a notice of appeal or designated post-trial motion does not create an automatic supersedeas. See Wright & Miller, supra. It is evident that in federal court a party must apply for a stay immediately after the ten-day grace period has run. Notwithstanding this difference in state and federal law, OCGA § 9-11-62 (a), by negative implication, clearly allows an execution to is-

sue upon a judgment after the ten-day period has run, if a notice of appeal or post-trial motion acting as a supersedeas has not been filed. Thus, Roswell Jeep's recordation of the writ of fieri facias (execution) commanding the sheriff to levy on defendant's property was valid. However, execution is suspended by the entering of Bank South's notice of appeal. OCGA § 9-13-2. " 'The general rule is that a supersedeas suspends all further proceedings in the suit in which the judgment superseded is rendered, such as are based upon and relate to the carrying into effect of that judgment. . . . Under this rule the supersedeas, during its pendency, prevents any steps to enforce or carry into effect the judgment, such as issuing an execution based thereon.' " *Tanner v. Wilson*, 184 Ga. 628, 633 (192 SE 425) (1937).

4. The question for decision thus becomes whether the trial court would have authority to order the recordation of the writ expunged from the general execution dockets by reason of the bank's posting a cash supersedeas bond in lieu of the judgment lien. OCGA § 9-12-81 provides for the lien on defendant's property when the execution is entered on the execution docket. "Executions are issued for the purpose of authorizing sheriffs and their lawful deputies to proceed with levy on real and personal property." *Black v. Black*, 245 Ga. 281, 283 (2) (264 SE2d 216) (1980); OCGA § 9-13-10.

The bank argues that Roswell Jeep's recordation of its judgment has effectively prevented it from closing the sales of millions of dollars of foreclosed real estate and other real properties. As further argued by the bank, permitting a property owner to file a bond, and thereby to discharge its realty from the lien of a judgment creditor so as to enable the owner to sell or convey his or her property, is recognized under Georgia law. See *M. Shapiro & Sons v. Yates Constr. Co. of the Southeast*, 140 Ga. App. 675 (231 SE2d 497) (1976); *Rahal v. Titus*, 107 Ga. App. 844 (1) (131 SE2d 659) (1963). Furthermore, the judgment creditor has no right to enforce the money judgment while the appeal is pending; therefore, insofar as the creditor's legally protected rights are concerned, it makes no difference whether the security for satisfaction of its judgment is a supersedeas bond or a perfected judgment lien, so long as either security is adequate.

Notwithstanding these arguments, there is a longstanding line of Georgia Supreme Court decisions holding that the only effect of a supersedeas is to stay further action in the case, and a court is without authority to order that the supersedeas operate retroactively so as to undo what has previously been done in execution of the judgment appealed. *Tanner v. Wilson*, supra at 634; *Vowell v. Carmichael*, 235 Ga. 387 (1) (219 SE2d 732) (1975); *Hutchins v. Howard*, 212 Ga. 309, 310 (92 SE2d 13) (1956); *Felker v. Johnson*, 189 Ga. 797, 803 (8) (7 SE2d 668) (1940); *Gurr v. Gurr*, 95 Ga. 559 (22 SE 304) (1894); *Seamans v. King*, 79 Ga. 611 (5 SE 53) (1887); *Board of Commrs. of*

*Burke County v. Wimberly*, 55 Ga. 571 (1876); *Taylor v. Gay*, 20 Ga. 77 (1) (1856); *Mayor &c. of Macon v. Shaw*, 14 Ga. 162 (2) (1853). Consequently, the trial court did not err in denying that portion of the bank's motion which sought affirmative voidance and "removal" of the entry of the judgment on the general execution dockets.

However, should the cash bond be posted, it will render ineffectual the writs of fieri facias. Such a writ is "[a] writ of execution commanding the sheriff to levy and make the amount of a judgment from the goods and chattels of the judgment debtor." Black's Law Dictionary, 5th ed. If the judgment entered on the jury verdict is affirmed on appeal, the judgment will be satisfied by the cash bond and there will be no unsatisfied judgment for the sheriff to execute on the judgment debtor's properties. The cash bond would have the legal effect of standing in lieu of the lien which otherwise attaches and remains by way of the recorded writs although their enforcement is stayed by the supersedeas effected by the filing of the notice of appeal.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Carley, J., concur.*

DECIDED JULY 15, 1991.

*Kilpatrick & Cody, Thomas C. Harney, Timothy H. Kratz,* for appellant.

*Law Offices of John C. Bach, John C. Bach, Robert J. Hulsey,* for appellee.