76367. BATES & ASSOCIATES, INC. v. DEPARTMENT OF TRANSPORTATION.
(368 SE2d 544)

Deen, Presiding Judge.

On January 13, 1987, appellee Department of Transportation (DOT) filed a condemnation petition, pursuant to OCGA § 32-3-1 et

seq., to acquire for public use a tract of land of which appellant Bates and Associates (Bates) was one of the owners. See OCGA §§ 32-3-5 through 32-3-9. On March 30, 1987, which, according to the record, was more than thirty days after being served with the petition, Bates filed an appeal, pursuant to OCGA § 32-3-14, asserting that the appraised price was inadequate. DOT moved to dismiss the appeal and enter judgment on the ground that the appeal was untimely filed. After a hearing the trial court granted the motion, dismissed the appeal, entered judgment, and, pursuant to OCGA § 32-3-11 and 32-3-12, ordered that the monies deposited in the registry of the court be disbursed to the condemnees. Bates has appealed from this judgment, enumerating as error the alleged denial of a hearing, both before and after default, as to its property rights, and the trial court's "refus[al] to allow appellant to file its claim for the full value of property condemned, after 30 days but before final judgment." *Held*:

Examination of the record reveals that DOT fully complied with the statutory provisions set forth in OCGA § 32-3-5 et seq. OCGA § 32-3-17, on which appellant chiefly relies in its assignments of error, is inapplicable to appellant's situation in that that section makes provision for parties whose claims were unknown at the time the petition was filed and who were not named therein, *Dept. of Transp. v. McLaughlin*, 163 Ga. App. 1 (292 SE2d 435) (1982); or for taxpayers seeking to intervene in a condemnation proceeding. *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124 (337 SE2d 327) (1985). Appellant, of course, was named as a condemnee in the petition. Moreover, the period within which an appeal may be filed in a condemnation proceeding is fixed by statute, OCGA § 32-3-14, and the trial court has no discretion to extend the time. *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712 (276 SE2d 52) (1980); *McClure v. Dept. of Transp.*, 140 Ga. App. 564 (231 SE2d 532) (1976). This court has expressly held that the provisions of the Civil Practice Act (Title 9, Ch. 11) which deal with time frames do not apply to periods of time which are definitely fixed by other statutes. *McClure v. Dept. of Transp.*, supra at 564. Despite appellant's energetic exegetical efforts, we find no error in the proceedings below.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 13, 1988 —

*Ralph C. Smith, Jr.*, for appellant.
*George R. Lilly II, Michael J. Bowers, Attorney General*, for ap-

pellee.