A91A1271. SIMS v. FOSS.
(411 SE2d 59)

</div>

BEASLEY, Judge.

This case involves summary judgment in a suit on a note and on a counterclaim for business losses. In 1980, Robert and Estelle Burton sold appellant, Evelyn Sims, the assets of a retail clothing store. Sims executed a promissory note in partial payment of the purchase price. Title to the building housing the clothing store was not conveyed to Sims, who rented the building from the Burtons under a 15-year lease. Sims did not know that the building was titled in the name of Reba Louise Burton, the Burtons' daughter.

In July 1986, the City of Rome filed an action to condemn for road-widening that portion of the leasehold property fronting the adjacent roadway and used by the business for customer parking. Although the condemnor was aware of Sims' operation of the business and her leasehold interest, only Reba Burton was named as a condemnee. The condemnor paid Burton for the valuation of the land, easement, and pavement, as well as consequential damages based on reduced rental payments for the remaining economic life of the building as a result of reduction by approximately 22 percent of the store's business due to loss of parking.

In December 1986, Sims' counsel wrote to the city manager referring to a meeting about the parking spaces with the city attorney about two months earlier. The letter complained of the failure to name Sims as a party in the condemnation action, asserting a lessee's right to damages for business losses in a partial-taking condemnation and citing *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980). The letter also gave the city ante-litem notice of Sims' intent to file an inverse condemnation action, as required by OCGA § 36-33-5.

The following April, Sims ceased operating the clothing business at its original location because construction and barricading activities prevented access to the building. She also subsequently ceased paying to the Burtons the monthly installments on the promissory note and the monthly rent under the lease.

Appellee Foss, as administrator of Robert Burton's estate, and Estelle Burton sued Sims on the promissory note. She counterclaimed, seeking damages for lost sales and the costs and expenses of relocating her business. She alleged that the Burtons were guilty of fraud and misrepresentation by not informing her that their daughter was the true owner of the property, and that they breached their obligations under the contract for sale of the business by not giving her notice of the condemnation proceeding or alternatively protecting her separate interest in it. The trial court granted plaintiffs' motion for summary judgment on both the complaint and the counterclaim, ruling that it is the condemnor rather than the lessor who would be liable for the damages sought in the counterclaim rather than the lessor.

Damages paid in the condemnation action represented the damages of the owner of the property and did not include business losses suffered by the lessee. Lessee was entitled to notice from the condemnor, not the lessor. OCGA §§ 22-2-20; 32-3-8. Lack thereof may have given rise to relief under OCGA § 9-3-21 or by way of an inverse condemnation action for her consequential damages. *Georgia Dept. of Transp. v. Woodard*, 254 Ga. 587 (331 SE2d 557) (1985). A lessee "may recover [from the condemnor] for business losses as an element of compensation separate from the value of the land whether the de-

struction of [the] business is total or merely partial," under certain circumstances. *Department of Transp. v. Dixie Hwy. Bottle Shop,* supra at 315.

The law also permits interest holders to intervene, OCGA §§ 22-2-139 and 32-3-17. Lessee did not do so. She may not have found an opportunity to intervene, if the funds drawn down in August occurred before her knowledge of the condemnation. However, it appears that she knew of the condemnation by way of discussion with the condemnor's appraiser about the loss of parking spaces sometime prior to his written report to the condemning authority dated March 10.

In any event, there was no genuine issue of material fact with respect to counterclaimants' liability for business losses to the condemnation, and they were entitled to the summary judgment which the trial court awarded. OCGA § 9-11-56.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 30, 1991.

*John E. Sawhill III,* for appellant.
*Barkley & Garner, Larry J. Barkley,* for appellee.