A92A0419. ROEBUCK v. SMITH.
(418 SE2d 165)

BIRDSONG, Presiding Judge.

The defendant mental health counselor was granted interlocutory appeal of the trial court's denial of his motion to dismiss, contending the suit is a professional malpractice case for which no expert's affidavit was timely filed as required by law at OCGA § 9-11-9.1 as amended.

Plaintiff Smith filed suit against Roebuck, an employee of defendant Highlands Mental Health Center, on June 28, 1991, alleging that on or about May 26, 1989, Roebuck subjected plaintiff to perverted mental health counseling which manipulated plaintiff's confused mind and emotions. In his initial responsive pleading, Roebuck did not assert that an expert affidavit was required. See OCGA § 9-11-9.1 (e), (f). Roebuck did later file a motion to dismiss, whereon the trial court held this was a case alleging intentional tort and was not a professional malpractice case, and refused to dismiss. Plaintiff did file an affidavit on July 25, 1991, in an attempt to comply with § 9-11-9.1 (b), but appellant contends this affidavit was insufficient and was untimely as no extension of time was requested. *Held*:

Appellee Smith, pro se, alleged in his suit that on or about May 26, 1989, at about 4:00 p.m., during a counseling session for plaintiff's emotional depression, defendant Roebuck subjected him to "perverted psychotherapy." Appellee insists this is not a professional malpractice case and no affidavit is required; nevertheless, on July 25, 1991, he filed the affidavit of his present mental health counselor, as follows: that affiant is a licensed clinical social worker and employee of Cherokee Counseling & Psychological Associates, Inc., and is competent to testify to the matters contained in the affidavit, to wit, that "the plaintiff related to [affiant] that in May, 1989, the plaintiff began to have counseling sessions with [defendant] Roebuck, for mental de-

pression and suicidal tendencies . . . [and] that the plaintiff related to [affiant] that on May 26, 1989, [defendant] Roebuck outlined a treatment session to the plaintiff which included the plaintiff taking off his clothes in the session, the defendant and the plaintiff exchanging clothes, and the defendant whipping the plaintiff. . . . Affiant states that the above-described treatment constitutes negligent mental counseling causing the plaintiff to regress rather than advance toward mental health. . . ."

An expert affidavit is required to be filed where a suit alleges professional negligence and where the issue is the "defendant's compliance with or deviation from the applicable standard of professional conduct," which calls for " 'highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence.' [Cit.]" *Jordan, Jones &c., Inc. v. Wilson*, 197 Ga. App. 354, 355-356 (398 SE2d 385). In a professional malpractice case, the basis of legal liability is whether the defendant "exercise[d] a reasonable degree of skill and care, as determined by the degree of skill and care ordinarily employed by . . . respective professions under similar conditions and like surrounding[s]." *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (395 SE2d 809). In such cases, without knowing what the "degree of skill and care ordinarily employed by . . . respective professions under similar conditions and like surrounding[s]" (id.), the jury can make no determination as to whether defendant deviated from the ordinary and usual standard.

Thus, although the law strictly requires an expert affidavit to be filed pursuant to § 9-11-9.1 in the appropriate case, this is only where the negligent doing of a thing must be "proved by reliance upon a general standard of care or by rules of procedure used by others competently performing the same service," *Razete v. Preferred Research*, 197 Ga. App. 69, 70 (397 SE2d 489). "Wherever it is 'necessary to establish the parameters of acceptable professional conduct' (*Hughes v. Malone*, 146 Ga. App. 341, 345 (247 SE2d 107)) in order to prove negligence or breach for failure to perform in a workmanlike manner, the case must be deemed a *professional* malpractice case." *Razete*, supra at 70.

"Hence, *except in clear and palpable cases* . . . expert testimony is necessary to establish the parameters of acceptable professional conduct. . . ." (Emphasis supplied.) *Hughes*, supra at 345. "[W]here . . . the plaintiff can prove negligence or breach without proof of a customary procedure and violation of it, the case is not a professional malpractice case and OCGA § 9-11-9.1 does not apply to require an 'expert's affidavit.' " *Razete*, supra at 70.

The suit of the plaintiff gave notice of the claim against him (OCGA § 9-11-8; *Walton v. James & Dean*, 177 Ga. App. 77, 78 (338

SE2d 516)), and the trial court held a hearing at which he evidently considered the evidence given by plaintiff's present counselor and determined this was not a professional malpractice case. The acts complained of constitute one of those "clear and palpable" instances referred to in *Hughes v. Malone,* supra, as to which the jury does not have to be told by an expert what is acceptable professional conduct in the circumstances. This is not a case as " 'to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence.' " *Jordan,* supra at 356. The question is whether the acts occurred. As to this, the matter is purely a jury question unless established otherwise as one for the court. The trial court did not err in finding that no expert affidavit was required, rendering moot any question whether plaintiff's expert affidavit was timely or sufficient.

*Judgment affirmed. Beasley, J., concurs. Andrews, J., concurs in judgment only.*

DECIDED APRIL 15, 1992.

*Womack & Rhyne, Ronald R. Womack,* for appellant.
Frederick C. Smith, *pro se.*