## A92A2266. RICHMOND LEASING COMPANY, INC. v. COOPER, COOPER, MAIORIELLO & STALNAKER.
### (428 SE2d 603)

CARLEY, Presiding Judge.

Appellee-defendant provided legal representation for appellant-plaintiff in bankruptcy proceedings. Thereafter, appellant filed the instant suit, alleging that appellee had been negligent and unskillful in that legal representation. Appellee moved to dismiss the complaint, based upon appellant's failure to have attached thereto an expert's affidavit as required by OCGA § 9-11-9.1. The trial court granted appellee's motion and appellant appeals from that order.

1. Appellant urges that compliance with OCGA § 9-11-9.1 was not required because its complaint alleges simple, rather than professional, negligence.

"[T]here are instances in which actions performed by or under the supervision of a professional are nevertheless not professional acts constituting professional malpractice, but, rather, are acts of simple negligence which would not require proof by expert evidence. [Cits.] [Appellant's] claim, however, does not fall within this category of simple negligence cases." *Kneip v. Southern Engineering Co.*, 260 Ga. 409, 410 (3) (395 SE2d 809) (1990). The complaint is based upon acts and omissions by appellee, in its capacity as appellant's legal representative, in a legal proceeding. "Recognizing that ' "(professional) malpractice exists only where the act or omission by (a) professional requires the exercise of expert (professional) judgment" ' ([cit.]), we find that the various acts and omissions averred in the . . . complaint attempting to establish negligence on the part of [appellee] each involves a situation requiring the exercise of [legal] judgment." *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 50 (3) (424 SE2d 338) (1992).

Appellant's reliance upon *Roebuck v. Smith*, 204 Ga. App. 20 (418 SE2d 165) (1992) is misplaced. *Roebuck* is merely a physical precedent. Moreover, it stands only for the proposition that compliance with OCGA § 9-11-9.1 is not required in a case alleging "clear and palpable" *simple* negligence. *Roebuck* is certainly not authority for the proposition that the instant case is such a simple negligence action. It is well-settled that " '([e])ven in cases of "clear and palpable" *professional* negligence it is still necessary that the plaintiff file an expert affidavit contemporaneously with the filing of the complaint.' [Cit.]" (Emphasis supplied.) *Jackson v. Dept. of Transp.*, 201 Ga. App. 863, 865 (412 SE2d 847) (1991). See also *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 436 (1) (383 SE2d 867) (1989); *Sparks*

*v. Kroger Co.*, 200 Ga. App. 135, 137 (3) (407 SE2d 105) (1991); *Barr v. Johnson*, 189 Ga. App. 136, 137 (375 SE2d 51) (1988).

2. Appellant urges that its complaint stated a contractual claim which is not subject to the requirements of OCGA § 9-11-9.1.

However, " 'OCGA § 9-11-9.1 "applies to any action for professional malpractice by negligent act or omission, sounding in tort *or by breach of contract* for failure to perform professional services in accordance with the professional obligation of care." ' [Cit.] Therefore, the trial court did not err by applying the requirements of OCGA § 9-11-9.1 to [appellant's claim]." (Emphasis supplied.) *Jordan v. Lamberth, Bonapfel, Cifelli, Wilson & Stokes*, 206 Ga. App. 178 (1b) (424 SE2d 859) (1992). See also *Royal v. Harrington*, 194 Ga. App. 457, 458 (390 SE2d 668) (1990).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 22, 1993 —
RECONSIDERATION DENIED MARCH 5, 1993 —

Richard S. Heslen, Jr., *pro se*, for Richmond Leasing Company, Inc.

*Fulcher, Hagler, Reed, Hanks & Harper, John I. Harper*, for appellee.