A95A1894, A95A1895. FRENCH QUARTER, INC. et al.
v. PETERSON YOUNG SELF & ASSELIN et al. (two cases).
(471 SE2d 9)

BEASLEY, Chief Judge.

This appeal by clients and guarantors involves whether a verdict and judgment in a suit for attorney fees should be for $641,000 or for half that much, $320,500. The trial itself was only about damages, as the court directed a verdict on liability. There is a second question, which is whether the court properly dismissed the defendants' counterclaim for failure to attach an affidavit required by OCGA § 9-11-9.1.

The verdict, which was a form submitted to the jury complete except for amounts, dates, and signature, stated: "We, the jury find in favor of Plaintiff Peterson Young Self and Asselin against Defendants Howard Allgood, Shirley Allgood, and French Quarter, Inc., jointly and severally, in the sum of *$293,500.00* dollars and against American Demolition, Inc. in the sum of *$293,500.00* dollars.

"We, the jury find in favor of Plaintiff Peterson Dillard Young Self and Asselin against Defendants Howard Allgood, Shirley Allgood, and French Quarter, Inc., jointly and severally, in the sum of *27,000.00* dollars and against American Demolition, Inc. in the sum of *27,000.00* dollars. This *19* day of August, 1994."

The jury was dispersed without a request that the jury be polled. In fact, defendants' counsel announced as to the verdict: "It looks right to me, Your Honor." The court received and published the verdict, and it was recorded the same day. The court entered the conforming judgment about three weeks later as to some defendants (French Quarter, Inc. and American Demolition of Georgia, Inc.) and almost six months after that against the remaining defendants (Howard and Shirley Allgood) because judgment against them had been stayed pending bankruptcy.

Between the entry of the two judgments, some 28 days after the

first judgment was entered, all four defendants moved the court to amend or mold the jury verdict pursuant to OCGA §§ 9-12-5 and 9-12-6, or alternatively to set aside the first judgment pursuant to OCGA § 9-11-60 (d) (2) and (g). The court denied the motion the same month, long before the entry of the second judgment. Defendants French Quarter and American Demolition appealed from the first judgment and from the denial of the motion, within 30 days of an extension order. The trial court had extended the time for filing the notice of appeal until "thirty (30) days from the date of determination of defendants' post-trial motions," purportedly in accordance with OCGA § 5-6-39. That Code section allows a maximum extension of 30 days from the date of the order of extension. Notice of appeal from the second judgment and from the order entered prior to trial which dismissed the counterclaim of defendants the Allgoods and American Demolition was filed by the Allgoods within 30 days of entry of judgment against the Allgoods. Thus, the two appeals, such as they are, are timely.

1. Pretermitting the procedural questions and the question of which parties are properly appealing what, the court properly denied the motion. First, the motion sought change in the verdict in a matter of substance (amounts), not mere form, so it was too late to even consider amendment. OCGA § 9-12-7; *Force v. McGeachy*, 186 Ga. App. 781, 783 (1), 784 (368 SE2d 777) (1988). OCGA §§ 9-12-5 and 9-12-6 are of no assistance to defendants.

Second, none of the bases urged by defendants which the law allows for setting aside a judgment in OCGA § 9-11-60 (d) (2) and (g) has been shown by defendants to be present in this case. Defendants French Quarter and American Demolition are the only two parties who appealed the denial of the motion. Their brief argument in their second enumeration seems to be that the court misunderstood the verdict, so that the judgment was based upon "mistake," as provided for in OCGA § 9-11-60 (d) (2). It is evident from a plain reading of the verdict that the judgment accurately reflected the expressed intention of the jury, which it must. See OCGA § 9-12-9. Defendants do not argue that it constituted a "clerical mistake" under OCGA § 9-11-60 (g), the other subsection cited in the motion.

2. The first and third enumerations of error contend that in the two judgments, the trial court erred in adding together the liabilities of the principal and the guarantors so that there was a double recovery for the same debts. The pleadings, the evidence, the admission of liability which preceded the directed verdict on that aspect of the case, and the jury verdict all speak against this argument and conclusively discredit it. All of the defendants were liable guarantors of the fees incurred by each other as principals, see OCGA § 10-7-1, and each was a liable principal for the fees incurred when that person or

entity was a client. French Quarter was the only party which was solely a guarantor, and it was a guarantor of American Demolition and the Allgoods; the verdict and judgment reflected that distinction. Neither the plaintiff law firms nor the jury nor the judge added together the liabilities of principals and guarantors; the defendant client/principals and guarantors, all of whom except French Quarter had dual roles in that they were sometimes client/principals and sometimes guarantors, were not charged twice for the same debt. The jury, in fact, did not award the entire amount claimed by plaintiffs.

3. Two years before the trial, the court on plaintiffs' motion dismissed defendants' counterclaim for failure to attach an expert affidavit pursuant to OCGA § 9-11-9.1. The counterclaim alleged that plaintiffs' negligent misrepresentations and breach of contract as to legal services proximately caused damages of $2 million, which defendants sought to recover.

On appeal, defendants assert that this was error because the court's order could be construed to preclude the defense of failure of consideration as to the plaintiffs' fee claims. Yet, at the same time, defendants admit that "[t]he trial judge permitted defendants to offer evidence of failure of consideration and instructed the jury accordingly." The enumeration is patently specious. Even if the court were wrong, no harm resulted.

The trial court's order, which explains the role reversal and consequent burden reversal which attends counterclaims, is totally correct. The affidavit was clearly required. *Hardman v. Knight*, 203 Ga. App. 519 (417 SE2d 338) (1992); *Richmond Leasing Co. v. Cooper, Cooper, Maioriello & Stalnaker*, 207 Ga. App. 623 (1) (428 SE2d 603) (1993); *Barr v. Johnson*, 189 Ga. App. 136 (375 SE2d 51) (1988). Defendants argue their counterclaim merely reincorporates their defenses of setoff and recoupment, and that as "defenses" rather than "claims" they are not subject to the statutory affidavit requirement. "Contrary to defendant's contention, setoff and recoupment are counterclaims and not defenses." *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748 (1) (278 SE2d 448) (1981). See *Gwinnett Commercial Bank v. Flake*, 151 Ga. App. 578, 579 (1) (260 SE2d 523) (1979). In the instant case it is even more obvious, as the allegations and prayer for relief were presented by defendants in an express counterclaim and not merely in their answer.

4. Upon full consideration, we find that the appeal is frivolous. In accordance with Court of Appeals Rule 15 (b), we impose a penalty of $1,000 against the appellants and their counsel, jointly and severally in each case, which amount shall be added to the judgments by the trial court upon remittitur.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 12, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996 — 

*Jack M. Bernard*, for appellants.
*Peterson, Dillard, Young, Asselin & Powell, Malcolm D. Young, Jr., David J. Larson*, for appellees.