### A96A2235. REVELS v. WIMBERLY.
(477 SE2d 672)

BLACKBURN, Judge.

This appeal challenges the trial court's imposition of severe discovery sanctions, which included striking the plaintiff's complaint and entering a default judgment against her on the defendant's counterclaim. Stephanie Revels sued Kenneth Wimberly over a 1994 Lexus automobile they apparently purchased together. Wimberly counterclaimed, alleging that Revels had agreed to make the first 12 payments of $980.83 each towards purchase of the car but had failed

to do so. Along with the counterclaim, Wimberly served discovery on Revels' attorney consisting of requests for admission and requests for production of documents. Because five months went by in which Revels did not answer any of this discovery, on May 15, 1995, Wimberly moved for discovery sanctions. Revels filed no response to this motion for sanctions. On July 18, 1995, the trial court entered an order striking Revels' complaint and entering a default judgment for Wimberly on his counterclaim.

Revels did not contest this sanction until November 1995, when her attorney asked the trial court to reconsider its sanction and explained that his personal business had prevented him from filing any response to Wimberly's motion. The trial court denied this motion in January 1996. In March 1996, Revels finally filed responses to the discovery along with motions requesting the court to set aside its sanctions, open the default judgment, and allow her to withdraw the admissions she had made by failing to answer Wimberly's requests for admission. See OCGA § 9-11-36 (a) (2). The trial court denied these motions as well.

After scheduling Wimberly's counterclaim for a trial on damages, the court determined no trial was necessary because Wimberly withdrew his demands for attorney fees, expenses of litigation, and punitive damages. Wimberly's remaining damages were liquidated, the court ruled, because by defaulting, Revels had admitted she agreed to make 12 payments of $980.83. The court then entered final judgment for Wimberly in an amount representing those 12 payments, and Revels appeals.

1. Revels does not cite any authority showing the trial court erred by striking her complaint and entering default judgment against her on Wimberly's counterclaim, and we find none. Additionally, we note Revels' brief does not comply with the rules of this Court. Instead of complying with the brief format required by the rules of this Court, she merely "incorporates" into her brief the documents she filed below containing arguments she made to the trial court when she asked that court to reconsider its sanction. See Court of Appeals Rule 27 (a).

In her motions asking the superior court to reconsider its action, Revels acknowledged the discretionary power of the trial court to enter the sanction but asked for relief because of her attorney's busy personal schedule. Even though the trial court entered this sanction in July 1995 and thereafter denied her motion for reconsideration, Revels did not file responses to Wimberly's requests for production of documents until March 1996. Her attorney's personal schedule notwithstanding, these actions show Revels' wilful refusal to answer discovery, which merits the trial court's sanction. OCGA § 9-11-37 (b) (2), (d); *Didio v. Chess*, 218 Ga. App. 550, 551 (462 SE2d 450) (1995).

See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991) (a hearing on a sanctions motion is not required if the trial court can otherwise determine that the party's refusal to respond to discovery was wilful).

Revels similarly contends the trial court erred by refusing to grant her motion for reconsideration and motion to reopen the default judgment. Because the trial court did not err in its original ruling imposing discovery sanctions, we cannot say it erred in refusing to set aside that order. We reject as spurious Revels' contention that she should have been allowed to "reopen" the trial court's entry of default judgment by following the remedial procedures outlined in OCGA § 9-11-55 (a).

2. Neither did the trial court err by entering final judgment in an amount representing 12 payments of $980.83, as Revels' default established that this sum certain in damages resulted from a contract between the parties. See OCGA § 9-11-55 (a) (upon entering a default judgment, court may determine damages without a jury unless damages are unliquidated or result from a tort); *Fadum v. Liakos*, 186 Ga. App. 556, 558 (3) (367 SE2d 843) (1988).[1]

3. We further find this appeal to be frivolous. Considering the lack of any persuasive citation of authority or argument to support Revels' position, it could not have reasonably been believed that this appeal would result in a reversal. Further, after seeking the right to orally argue his client's case, Revels' attorney failed to appear to argue the case, or to notify either this Court or opposing counsel that he would not appear. Pursuant to Court of Appeals Rule 15 (b), we assess a penalty of $1,000 against Revels' attorney, Gordon L. Joyner. See *French Quarter v. Peterson Young Self &c.*, 220 Ga. App. 852, 854 (4) (471 SE2d 9) (1996). On remittitur, the trial court will enter judgment for Kenneth Wimberly against Gordon L. Joyner, in the amount of $1,000.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 30, 1996.

*Gordon L. Joyner*, for appellant.
*The Roberts Law Firm, John A. Roberts, James A. Dooley*, for appellee.

---

[1] We note that the trial court's reference in its order to "*un*liquidated damages" appears to be a typographical error.