A00A2052. HAPPOLDT v. MONROE COUNTY.
(546 SE2d 297)

ANDREWS, Presiding Judge.

James M. Happoldt, Jr. accepted the superior court's award of $18,585 as compensation for real property owned by him and taken in a condemnation action brought by Monroe County pursuant to OCGA § 32-3-1 et seq. Happoldt appeals from the court's order in the condemnation action finding he was indebted to the County and distributing a portion of the compensation fund to the County to satisfy the debt. We find the superior court had no authority under the condemnation procedures to rule on the County's motion seeking to establish that the condemnee, Happoldt, was personally indebted to the County and further seeking distribution of a portion of the compensation fund to the County to satisfy the claimed debt. Accordingly, we reverse.

After the County paid $18,585 into the registry of the superior court as compensation for the property taken, the County filed a motion in the condemnation action claiming it was entitled to a portion of that money. The motion alleged that Happoldt, who was incarcerated for criminal offenses committed in Monroe County, owned the real property at issue when he was charged with the offenses and that he defrauded the County in the criminal case by claiming indigence and obtaining a court-appointed defense attorney at County expense.

After holding an evidentiary hearing, the court granted the motion concluding that Happoldt owed the County $2,038.75 for the court-appointed attorney, $1,500 as attorney fees incurred by the County on the motion, and $10,000 in punitive damages for fraud. Accordingly, the court ordered that $13,538.75 of the compensation awarded in the condemnation action be distributed to the County.

The procedures set forth in OCGA § 32-3-1 et seq. authorize

State agencies, counties, or municipalities to bring proceedings in rem in the superior court to condemn land for public transportation purposes upon the payment of just and adequate compensation to those having a compensable interest in the condemned land. The parties having agreed that the compensation fund paid into the registry of the court in the amount of $18,585 is just and adequate compensation for the condemned land, the issue is whether the court properly distributed a portion of the fund to the County.

OCGA § 32-3-17 provides a means by which persons, in addition to those named as condemnees in the condemnation petition, can intervene as a party in the action and assert claims against the compensation fund. *Bates & Assoc. v. Dept. of Transp.*, 186 Ga. App. 828, 829 (368 SE2d 544) (1988); *Sims v. Foss*, 201 Ga. App. 345, 347 (411 SE2d 59) (1991); *Dept. of Transp. v. Olshan*, 237 Ga. 213, 216 (227 SE2d 349) (1976). OCGA § 32-3-12 further provides that, upon application of the parties claiming an interest in the compensation fund, the court shall order the money or any part thereof to be paid to the parties found to be entitled thereto. *Dept. of Transp. v. Franco's Pizza &c.*, 200 Ga. App. 723, 725 (409 SE2d 281) (1991), overruled on other grounds, *White v. Fulton County*, 264 Ga. 393, 394 (444 SE2d 734) (1994); *Alexander v. Rozetta*, 110 Ga. App. 660 (139 SE2d 451) (1964); *Olshan*, 237 Ga. at 216. In order to become entitled to all or a portion of the fund compensating for the condemned land, a claiming party must establish a compensable property interest in the condemned land such as a claim based on a warranty deed, security deed, leasehold, filed lis pendens notice, or other statutory lien. *Olshan*, 237 Ga. at 216; *State Hwy. Dept. v. Hendrix*, 215 Ga. 821, 823 (113 SE2d 761) (1960); *S & S Food Svcs. v. Dept. of Transp.*, 222 Ga. App. 579, 581 (475 SE2d 197) (1996); *Robinson v. Dept. of Transp.*, 185 Ga. App. 597, 600 (364 SE2d 884) (1988).

By claiming a right to a portion of the compensation fund pursuant to OCGA §§ 32-3-17 and 32-3-12, the County sought not to establish a compensable property interest in the condemned land, but to prove and collect a personal debt allegedly owed to it by the condemnee, Happoldt. In delegating power to condemn land for public purposes, the legislature set forth specific statutory condemnation procedures which must be strictly construed, and no such power may be exercised thereunder except where it is affirmatively granted. *Dept. of Transp. v. City of Atlanta*, 255 Ga. 124, 131-132 (337 SE2d 327) (1985). Since the condemnation procedures provided no basis for the County to attempt to prove and collect the debt allegedly owed by Happoldt, the court was without authority to rule that Happoldt owed the debt or to order that the debt be satisfied by distributing a portion of the compensation fund to the County.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 21, 2001.

James M. Happoldt, Jr., *pro se.*
W. *Franklin Freeman, Jr.*, for appellee.