## A03A0379. SHORES v. TROGLIN.
(580 SE2d 659)

ANDREWS, Presiding Judge.

James Shores appeals pro se from the trial court's order granting summary judgment to William Troglin on Shores's legal malpractice claim. Because the trial court correctly found that Shores's claim was time-barred, we affirm.

The underlying facts in this case are undisputed. The case arose when Shores hired Troglin to file a bankruptcy petition. Troglin filed the petition on July 25, 1995. Several creditors filed adversary petitions claiming that Shores had failed to disclose certain assets and debts. Shores claims that Troglin refused to file an amended petition

---

and was allowed to withdraw as Shores's attorney on January 2, 1997. The bankruptcy petition was subsequently denied on February 5, 2001. This action for legal malpractice was filed on November 28, 2001, almost four years and eleven months after Troglin withdrew as Shores's attorney.

The trial court granted Troglin's motion for summary judgment, holding that Shores's claims were time-barred. This appeal followed.

1. Shores contends that the trial court erred in finding that the statute of limitation had run on his legal malpractice claim. Shores argues that the applicable date on which the statute of limitation began to run was February 5, 2001, the date that the judge denied his bankruptcy petition. He contends this is the correct date because that is the date when his damages accrued. Shores cites to no authority for this proposition and we find none.

The statute of limitation for legal malpractice actions is four years and runs from the date of the alleged incident of malpractice. *Hunter, Maclean, Exley & Dunn v. Frame*, 269 Ga. 844, 845 (507 SE2d 411) (1998). We need not determine the precise dates of the alleged incidents because there is no dispute that they occurred before Troglin withdrew as Shores's attorney. Because the case was filed over four years after Troglin ceased representing Shores, the trial court correctly held that the claim was time-barred.

2. Shores also claims that the statute of limitation was tolled by fraud. He appears to be confused as to the type of fraud that must be alleged in order to toll the statute of limitation. OCGA § 9-3-96 provides: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." Thus

> The statute of limitations is tolled in malpractice actions when a defendant intentionally conceals an act of professional negligence from a plaintiff, causing the plaintiff to be deterred from bringing a claim. Our Code provides that if a defendant is guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud. This provision has always been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence. . . . [I]n situations such as exist in this appeal, where the gravamen of the underlying action is not a claim of fraud, but rather of malpractice, the statute of limitations is tolled only upon a showing of a separate independent actual fraud

involving moral turpitude which deters a plaintiff from filing suit. In such cases, before the running of the limitation period will toll, it must be shown that the defendant concealed information by an intentional act — something more than a mere failure, with fraudulent intent, to disclose such conduct, unless there is on the party committing such wrong a duty to make a disclosure thereof by reason of facts and circumstances, or the existence between the parties of a confidential relationship.

(Punctuation and footnotes omitted.) *Hunter, Maclean, Exley &c.,* supra at 846-847.

In this case, Shores makes no argument and presents no evidence of an independent act of fraud that prevented him from discovering the alleged malpractice or filing suit. The trial court did not err in granting summary judgment to Troglin on Shores's claim.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 2, 2003.

James P. Shores, *pro se.*
*Hawkins & Parnell, Kim M. Jackson*, for appellee.