A04A1398. LANDAU v. DAVIS LAW GROUP, P.C.
(605 SE2d 461).

JOHNSON, Presiding Judge.

On June 22, 2001, Dawn Landau hired the Davis Law Group, P.C., to represent her in a divorce action. On February 11, 2002, the parties reached a settlement agreement in the divorce action. About a month later, Davis issued a bill to Landau for services rendered in the amount of $29,936. On July 1, 2002, Davis issued another bill, claiming a new balance of $31,774 due to additional service charges.

On September 27, 2002, Davis filed the instant lawsuit against Landau, seeking to collect unpaid attorney fees. Landau filed an

answer to the complaint and a counterclaim alleging professional malpractice by Davis in its representation of her in the divorce action. Davis moved to dismiss the counterclaim on the ground that Landau had failed to file an expert's affidavit contemporaneously with the claim as required by OCGA § 9-11-9.1. The trial court granted the motion and dismissed Landau's malpractice counterclaim.

The case proceeded to a jury trial and the jury returned a verdict in favor of Davis, awarding it $14,495 in fees and expenses. The trial court entered judgment for Davis in that amount plus additional fees provided for by contract, for a total judgment of $16,669. On the face of its final judgment, the court further ordered that a writ of fieri facias shall issue instantly. Landau appeals.

1. Landau contends that the trial court erred in dismissing her malpractice counterclaim because even though she did not file an expert's affidavit contemporaneously with the counterclaim, she did file one within the 45-day grace period provided by OCGA § 9-11-9.1 (b). Landau's reliance on OCGA § 9-11-9.1 (b) is misplaced.

OCGA § 9-11-9.1 (a) provides that in any professional malpractice action "the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." OCGA § 9-11-9.1 (b) contains the only exception to this contemporaneous filing requirement in professional malpractice cases.[1]

> The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the *period of limitation* will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit.[2]

Landau argues that she faced a 30-day period of limitation because her counterclaim was compulsory[3] and had to be filed within

---

[1] *Epps v. Gwinnett County*, 231 Ga. App. 664, 666 (2) (499 SE2d 657) (1998).

[2] (Emphasis supplied.) OCGA § 9-11-9.1 (b).

[3] OCGA § 9-11-13 (a) defines a compulsory counterclaim as any claim against an opposing party that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

30 days of her having been served with Davis's complaint.[4] Since she did not file her counterclaim until the last day of that 30-day period,[5] she reasons that she was entitled to the 45-day extension set forth in OCGA § 9-11-9.1 (b) for supplementing pleadings with the required expert's affidavit.[6]

Contrary to Landau's argument, the 45-day extension provided by OCGA § 9-11-9.1 (b) does not apply to her counterclaim. The flaw in Landau's argument is her assumption that the phrase "period of limitation" contained in OCGA § 9-11-9.1 (b) means the 30 days within which a defendant must file responsive pleadings to a complaint. Landau has cited no case interpreting the phrase "period of limitation" in that way, and, indeed, it is apparent from a review of case and statutory law that the phrase has no such meaning. Rather, the phrase "period of limitation" refers only to the *statute of limitation* that applies to a particular action.

> A statute of limitation has as its purpose the limiting of the time period in which an action may be brought, thereby providing a date certain after which potential defendants can no longer be held liable for claims brought on such actions. It is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. Prescribing periods of limitation is a legislative, not a judicial, function.[7]

In prescribing the statutes of limitation applicable to various civil actions, the legislature expressly refers to them as periods of limitation, as evidenced by Article 2 of Chapter 3 of the Civil Practice Act, which is entitled "Specific Periods of Limitation."[8] Our Supreme Court also routinely uses the phrases statute of limitation and period of limitation interchangeably.[9] And in the specific context of cases involving OCGA § 9-11-9.1 (b), this court has, without exception, interpreted — implicitly, if not expressly — the phrase period of limitation to mean statute of limitation.[10]

---

[4] OCGA § 9-11-12 (a), (b); *Gibson v. Casto*, 271 Ga. 667 (523 SE2d 564) (1999).

[5] Davis's complaint was filed and served on September 27, 2002. Landau filed her answer and counterclaim on October 28, 2002.

[6] Landau filed the affidavit on December 12, 2002.

[7] (Citations and punctuation omitted.) *Young v. Williams*, 274 Ga. 845, 847 (560 SE2d 690) (2002).

[8] OCGA §§ 9-3-20 to 9-3-34.

[9] See, e.g., *City of Atlanta v. Barnes*, 276 Ga. 449, 453-454 (5) (578 SE2d 110) (2003); *Beller v. Tilbrook*, 275 Ga. 762 (2) (571 SE2d 735) (2002); *Young*, supra; *Gibson*, supra at 668.

[10] See, e.g., *Griffin v. Carson*, 255 Ga. App. 373, 374-375 (3) (566 SE2d 36) (2002); *Witherspoon v. Aranas*, 254 Ga. App. 609, 611-612 (1) (562 SE2d 853) (2002); *Ga. Dermatology*

Because the phrase period of limitation contained in OCGA § 9-11-9.1 (b) plainly refers only to the statute of limitation applicable to a particular action, and does not refer to the 30 days within which responsive pleadings to a complaint must be filed, Landau's argument to the contrary must fail. Furthermore, in applying OCGA § 9-11-9.1 to the instant case, we find that the period of limitation applicable to Landau's legal malpractice claim was four years,[11] that the four-year statute of limitation was not set to expire within ten days of the filing of the counterclaim, and that she therefore was not entitled to invoke the forty-five-day extension for filing an expert's affidavit. The trial court thus did not err in dismissing Landau's malpractice counterclaim due to her failure to file an affidavit contemporaneously with that claim.

2. Landau claims that Davis's motion to dismiss was premature and that OCGA § 9-11-9.1 (b) does not allow a motion to dismiss by a plaintiff. The claims are wholly without merit.

There is no question that OCGA § 9-11-9.1 applies to the assertion of a counterclaim by a defendant.[12] And where a defendant asserting a counterclaim fails to comply with the requirements of that Code section, courts have recognized the obvious right of the plaintiff to move to dismiss the defective claim.[13] Given Landau's failure to comply with the contemporaneous filing requirement of OCGA § 9-11-9.1 (a), Davis properly, and timely, moved to dismiss the deficient claim.

3. Landau argues that OCGA § 9-11-9.1 (b), as applied by the trial court in this case, violates both the federal and state constitutional guarantees of equal protection under the law because it treats defendants filing a compulsory counterclaim differently from plaintiffs filing a similar claim. We disagree.

"It is fundamental that no equal protection violation exists unless legislation treats similarly-situated individuals differently."[14] Contrary to Landau's argument, OCGA § 9-11-9.1 (b), as applied by the trial court, does not treat similarly situated individuals differently. Rather, under the trial court's application of that Code section, a plaintiff asserting a legal malpractice claim and a defendant asserting a similar compulsory counterclaim are treated the same way.

*Clinic v. Nesmith,* 254 Ga. App. 121, 122-123 (561 SE2d 459) (2002); *Epps,* supra at 667 (2).

[11] See *Shores v. Troglin,* 260 Ga. App. 696, 697 (1) (580 SE2d 659) (2003).

[12] *Jordan v. Lamberth &c.,* 206 Ga. App. 178, 179 (1) (a) (424 SE2d 859) (1992).

[13] See *French Quarter v. Peterson &c.,* 220 Ga. App. 852, 854 (3) (471 SE2d 9) (1996); *Jordan,* supra; *Hardman v. Knight,* 203 Ga. App. 519, 520 (417 SE2d 338) (1992).

[14] (Footnote omitted.) *Ga. Dept. of Human Resources v. Sweat,* 276 Ga. 627, 630 (3) (580 SE2d 206) (2003).

For instance, under the trial court's application of OCGA § 9-11-9.1 (b), if a plaintiff filed a legal malpractice claim more than ten days before the expiration of the statute of limitation, then he would be treated just as Landau was treated in this case. That is, the plaintiff in that case would be required to file an expert's affidavit contemporaneously with his claim and would not be entitled to the 45-day extension contained in OCGA § 9-11-9.1 (b), just as Landau was not entitled to that extension because the statute of limitation on her claim was not about to expire.

Conversely, if a plaintiff filed his legal malpractice claim within ten days of the expiration of the statute of limitation, then he would not have to file an affidavit with his complaint and would instead be entitled to the extra forty-five days provided by OCGA § 9-11-9.1 (b). Likewise, if Landau's legal malpractice counterclaim had been filed within ten days of the expiration of the statute of limitation, she too would have been entitled to the same forty-five-day extension.

Because OCGA § 9-11-9.1 (b), as applied by the trial court, does not treat similarly situated individuals differently, there is no equal protection violation.

4. Landau correctly asserts that the trial court erred in ordering the immediate issuance of a writ of fieri facias at the time that it entered its judgment. "OCGA § 9-11-62 (a) provides, in pertinent part, that, 'no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of ten days after its entry.' "[15] The purpose of OCGA § 9-11-62 (a) is to provide the party against whom a judgment has been entered the right to be free from execution and enforcement of the judgment for ten days in order to determine his future course of action, be it a post trial motion or an appeal.[16]

Here, the trial court violated OCGA § 9-11-62 (a) by ordering at the time of the entry of its judgment that a writ of fieri facias shall be issued instantly. That order deprived Landau of her right to be free from execution of the judgment for ten days in order to determine her future course of conduct. However, the trial court's error has been rendered harmless.

> [S]hould the cash bond be posted, it will render ineffectual the writs of fieri facias. Such a writ is a writ of execution commanding the sheriff to levy and make the amount of a judgment from the goods and chattels of the judgment

---

[15] (Punctuation omitted.) *Bank South v. Roswell Jeep Eagle*, 200 Ga. App. 489, 490 (3) (408 SE2d 503) (1991).

[16] Id.

debtor. If the judgment entered on the jury verdict is affirmed on appeal, the judgment will be satisfied by the cash bond and there will be no unsatisfied judgment for the sheriff to execute on the judgment debtor's properties. The cash bond would have the legal effect of standing in lieu of the lien which otherwise attaches and remains by way of the recorded writs although their enforcement is stayed by the supersedeas effected by the filing of the notice of appeal.

After Landau filed her notice of appeal in the instant case, Davis moved the trial court to order her to post a supersedeas bond. The trial court granted the motion and ordered Landau to post a supersedeas bond in the amount of $19,002. Landau's cash bond will thus satisfy the judgment and thereby render any improper writ of fieri facias ineffectual.

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 6, 2004 — 

*Perrie & Cole, Stanley E. Kreimer, Jr.,* for appellant.
*Bell, Weil, Grozbean & Davis, Wayne S. Tartline,* for appellee.

