### A08A2266, A08A2267. CEDARTOWN NORTH PARTNERSHIP, LLC v. GEORGIA DEPARTMENT OF TRANSPORTATION (two cases).
#### (673 SE2d 562)

MILLER, Chief Judge.

Thirty-four days after it was served with condemnation petitions and declarations of taking in two condemnation proceedings commenced by the Georgia Department of Transportation (the "Department"), Cedartown North Partnership, LLC ("Cedartown") filed notices of appeal from the amount of compensation the Department deposited in the trial court. The Department moved to dismiss Cedartown's appeals on the ground that the notices of appeal were untimely, as they were filed outside of the 30-day appeal period set forth in OCGA § 32-3-14. Cedartown now appeals from the trial court's order granting the Department's motions, arguing that the State was equitably estopped from relying on the 30-day appeal period or, alternatively, that the appeal period was tolled under OCGA § 9-3-96. Discerning no error, we affirm.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Citation and punctuation omitted.) *Welch v. Ga. Dept. of Transp.*, 276 Ga. App. 664 (624 SE2d 177) (2005).

The record shows that on or about August 11, 2006, the Department, pursuant to OCGA §§ 32-3-5 and 32-3-6, filed condemnation petitions and declarations of taking in the trial court to acquire two parcels of property owned by Cedartown, as well as certain easement and access rights. Pursuant to OCGA § 32-3-7, the Department deposited $17,600 in the trial court as the estimated just compensation for the condemned property. On September 1, 2006, Cedartown's registered agent for service of process, E. Byron Slaughter, was personally served with the petitions and declarations. Cedartown filed its notices of appeal 34 days later on October 5, 2006, and the Department subsequently moved to dismiss the appeals.

In connection with its response to the Department's motions to dismiss, Cedartown submitted an affidavit from Steve Astin, Cedartown's attorney at the time the petitions and declarations of taking were served. Astin stated that he had "formerly represented Byron Slaughter" in the condemnation proceedings, that prior to Septem-

ber 2006, he had spoken with the attorney then representing the Department, Rick Crawford, on several occasions, and that he called Crawford on September 18, 2006 "to find out whether or not any actions had been served upon my client." According to Astin, Crawford's offices advised him that no petitions had been filed or served on his client. After the 30-day appeal period had expired, Astin learned that Slaughter had been served with a petition on September 1, 2006.

Cedartown also submitted an affidavit from its registered agent, Slaughter, who stated that he was served with a condemnation petition on September 1, 2006 and that he contacted Astin to advise him of the same. Slaughter further stated that he spoke with Astin on October 5, 2006, and Astin advised him that he had talked to Crawford and that Crawford "had denied that any paperwork had been served upon me." Slaughter claimed that he then contacted Crawford, who told him that he had mistakenly told Astin that he had not filed a condemnation petition against Slaughter.[1]

1. Cedartown argues that the Department should be equitably estopped by its counsel's "misleading and false" statements from relying on the 30-day appeal period in OCGA § 32-3-14. We disagree.

OCGA § 32-3-14 provides:

> If the owner, or any of the owners . . . is dissatisfied with the amount of compensation as estimated in the declaration of taking and deposited in court, as provided for in Code Section 32-3-7, such person or persons, or any of them, shall have the right, at any time subsequent to the filing of the declaration and the deposit of the fund into court, **but not later than 30 days following the date of the service** as provided for in Code Sections 32-3-8 and 32-3-9, to file with the court a notice of appeal, the same to be in writing and made a part of the record in the proceedings.

(Emphasis supplied.) We have previously held that "[t]he right to appeal to a jury from a declaration of taking [is] absolutely conditional upon the filing of a timely notice of appeal in the superior court," pursuant to OCGA § 32-3-14 and that "[n]ot even the trial court is empowered to extend the period of time for filing the notice of appeal." (Citation and punctuation omitted.) *Chambers v. Dept. of Transp.*, 172 Ga. App. 197 (1) (322 SE2d 366) (1984); accord *Dept. of Transp. v. Rudeseal*, 156 Ga. App. 712, 714 (1) (276 SE2d 52) (1980);

---

[1] It appears that affidavits from Astin and Slaughter were submitted in both condemnation actions below. However, their affidavits were included in the record on appeal only in Case No. A08A2266.

see also *Bates & Assocs., Inc. v. Dept. of Transp.*, 186 Ga. App. 828, 829 (368 SE2d 544) (1988) ("[T]he period within which an appeal may be filed in a condemnation proceeding is fixed by statute, and the trial court has no discretion to extend the time.") (citations omitted).

Cedartown fails to cite any case holding that the trial court may apply the doctrine of equitable estoppel to excuse a party's failure to file a timely notice of appeal, and we hold that the doctrine is unavailable to extend the time for filing a notice of appeal under OCGA § 32-3-14. Failure to file a timely notice of appeal results in a jurisdictional defect in the superior court "akin to [lack of] subject matter jurisdiction." *Rudeseal*, supra, 156 Ga. App. at 714 (2). It is well established that "[j]urisdiction of the subject matter of a suit cannot be conferred by agreement or consent, or be waived *or based on an estoppel of a party to deny that it exists*." (Citations and punctuation omitted; emphasis supplied.) *Redmond v. Walters*, 228 Ga. 417 (2) (186 SE2d 93) (1971). As such, the trial court did not err in declining to excuse Cedartown's untimely notices of appeal based on the doctrine of equitable estoppel.

Even if the doctrine of equitable estoppel were available, moreover, Cedartown could not establish that the doctrine should apply here. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." OCGA § 24-4-27. Contrary to Cedartown's assertions, the record does not establish that the Department's counsel made any "intentional misstatements," nor does it establish that he was grossly negligent. In his affidavit, Cedartown's former counsel, Astin, asserts that his client was Slaughter (not Cedartown) and that he contacted the Department's attorney to determine if any actions had been served upon his client. To the extent that Crawford or his offices advised Astin that no action had been served upon Slaughter, such statement was truthful. Process was served on Cedartown through Slaughter, Cedartown's registered agent, but no action was served on Slaughter in his individual capacity. The affidavits Cedartown submitted do not establish any "intentional" misstatement and appear to be equally consistent with a simple miscommunication between counsel.

In addition, "the party who claims the benefit of estoppel must have acted in good faith and *reasonable diligence*; otherwise, no equity will arise in his favor. . . ." (Citation and punctuation omitted; emphasis in original.) *Yancey v. Harris*, 234 Ga. 320, 323 (216 SE2d 83) (1975). Cedartown failed to establish that it exercised reasonable diligence. It offers no explanation as to why Astin, upon learning

from Slaughter that he had been served with some sort of process, did not obtain copies of the papers that had been served and thereby ascertain that service on Cedartown had been effected and that the appeal period was running.

2. Cedartown next asserts that, pursuant to OCGA § 9-3-96, the 30-day appeal period was tolled by the Department's fraud. We disagree.

OCGA § 9-3-96 states: "If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." The phrase "period of limitation" refers to a statute of limitation that applies to a particular action. *Landau v. Davis Law Group, P.C.*, 269 Ga. App. 904, 906-907 (1) (605 SE2d 461) (2004) (interpreting phrase "period of limitation" in OCGA § 9-11-9.1 (b) and noting that "[i]n prescribing the statutes of limitation applicable to various civil actions, the legislature expressly refers to them as periods of limitation . . . [and] [o]ur Supreme Court also routinely uses the phrases . . . interchangeably"); see also *Pogue v. Goodman*, 282 Ga. App. 385, 388 (2) (638 SE2d 824) (2006) (under OCGA § 9-3-96, "[a]ctual fraud . . . which deters or debars the bringing of the action, tolls *the statute of limitation* . . .") (citation omitted; emphasis supplied).

> A statute of limitation has as its purpose the limiting of the time period in which an action may be brought, thereby providing a date certain after which potential defendants can no longer be held liable for claims brought on such actions. It is a procedural rule limiting the time in which a party may bring an action for a right which has already accrued. . . .

(Footnote omitted.) *Landau*, supra, 269 Ga. App. at 906 (1). OCGA § 32-3-14 sets forth a mandatory time period for filing an appeal in a condemnation action, not a statute of limitation for commencing a particular type of action. As such, by its terms, OCGA § 9-3-96 has no application here.

Even if OCGA § 9-3-96 applied, however, the statute would not excuse Cedartown's untimely notices of appeal because, for the reasons discussed in Division 1, supra, Cedartown has not shown that the Department committed "actual fraud involving moral turpitude," nor has Cedartown demonstrated that it exercised reasonable diligence. See *PricewaterhouseCoopers, LLP v. Bassett*, 293 Ga. App. 274, 278 (2) (666 SE2d 721) (2008).

For the reasons set forth above, we affirm the order of the trial

court granting the Department's motions to dismiss Cedartown's notices of appeal on the ground that the notices of appeal were untimely under OCGA § 32-3-14.

*Judgments affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 12, 2009.

*Gammon, Anderson & McFall, W. Wright Gammon, Jr.,* for appellant.

*Thurbert E. Baker, Attorney General, Dyer & Rusbridge, Robert M. Dyer,* for appellee.