[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12958

_____

D.C. Docket No. 5:12-cv-00039-LGW-JEG

GOWEN OIL COMPANY,

Plaintiff - Appellant,

versus

FOLEY & LARDNER, LLP,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 15, 2014)

Before TJOFLAT, Circuit Judge, and MOORE[*] and SCHLESINGER,[*] District
Judges.

---

[*] The Honorable K. Michael Moore, United States District Judge for the Southern
District of Florida, sitting by designation.

[*] The Honorable Harvey E. Schlesinger, United States District Judge for the Middle
District of Florida, sitting by designation.

PER CURIAM:

The facts underlying this controversy between Gowen Oil Company and the law firm, Foley & Lardner, LLP, which represented it on an hourly rate fee basis for several years, are laid out in Gowen Oil Company v. Greenberg Traurig, LLP, 453 Fed. Appx. 897 (11th Cir. 2011) (per curiam).  United Fuel, Inc., which owned three gas stations, gave Gowen an oral right of first refusal — which was never reduced to writing — to purchase the stations.  Without informing Gowen, United sold the gas stations to Biju Abraham.  Gowen sued Abraham and obtained a judgment of approximately $1.7 million.  Unable to obtain satisfaction of its judgment, Gowen sued Abraham's lawyers, Greenbereg Traurig, and lost.  On March 28, 2012, Gowen, in an effort to obtain satisfaction for Abraham's wrongdoing, sued Foley in the State Court of Charlton County, Georgia.  The original complaint alleged that Foley was negligent for failing to properly record Gowen's oral right of first refusal.  Foley properly removed the case to the United States District Court for the Southern District of Georgia.

In the District Court, Foley moved for summary judgment on the ground that Gowen's claim of legal malpractice was barred pursuant to a four-year statute of

2

limitations.[1]  Shortly after Foley's motion was filed, Gowen amended its complaint to include allegations that Foley had given legal advice to Gowen which "appea[red] to be contrived and knowingly false" and that Gowen "had a written agreement with [Foley] regarding its provision of legal services."  Citing these new allegations, Gowen opposed Foley's motion for summary judgment arguing that its cause of action arose out of a written contract and therefore a six-year statute of limitations governed. [2]  Gowen also argued that, regardless of which statute of limitations governed, Foley's knowingly false advice had tolled it from running.[3] Despite Gowen's arguments, the District Court granted Foley's motion for summary judgment finding that 1) the four-year statute of limitations applicable to legal malpractice claims governed; 2) the statute began running on October 1, 2007 — the date of the latest possibly negligent act alleged by Gowen and supported by evidence; and 3) there was no evidence of fraud by Foley sufficient to toll the statute of limitations.

---

[1] See Shores v. Troglin, 260 Ga. App. 696, 697, 580 S.E. 2d 659, 660 (Ct. App. 2003) ("The statute of limitation for legal malpractice actions is four years and runs from the date of the alleged incident of malpractice." (citing Hunter, Maclean, Exley & Dunn, P.C. v. Frame, 269 Ga. 844, 845, 507 S.E. 2d 411, 412 (1998))).

[2] See O.C.G.A. § 9-3-24 ("All actions upon simple contracts in writing shall be brought within six years after the same become due and payable.").

[3] See O.C.G.A. § 9-3-36 ("If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitations shall run only from the time of the plaintiff's discovery of the fraud.").

3

On appeal, Gowen argues that the six-year statute of limitations applicable to claims involving a written contract should govern and that, even if the four-year statute of limitations applies, the statutory period was tolled by Foley's knowingly fraudulent assurances. After review, we find both of these arguments to be meritless. First, the record does not include a copy of a written contract between Gowen and Foley, and Gowen has failed to offer even verbal evidence of the alleged contract's terms. A Vice President of Gowen — when asked about the alleged contract during his deposition — testified that he was "pretty sure [Foley] had [him] sign something" but that he did not recall any specifics regarding its terms. Second, nothing in the record supports the amended complaint's bald assertion that Foley gave "contrived and knowingly false" legal advice in an attempt to quash a potential malpractice suit by Gowen. To the contrary, a former officer of Gowen — when asked during his deposition whether he thought Foley had intentionally lied to him — testified "I don't think [Foley] intentionally did anything wrong." Later in the same deposition — when asked about the complaint's allegation that Foley had given "contrived and knowingly false" advice — the former officer conceded that this language was "not [his] words" but that it "was thought up by [Gowen's attorney.]" In light of the absence of any evidence in the record supporting Gowen's arguments on appeal, the District Court's order granting summary judgment in favor of Foley is

4

AFFIRMED.